CARLIE CHRISTENSEN (#633)
United States Attorney
185 South State Street, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 524-5682

VIRGINIA CRONAN LOWE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6484
email: virginiacronan.lowe@usdoj.gov

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH - SOUTHERN DIVISION

| | |
|---|---|
| In re: | |
| STEVEN L. DISTAD, | ) Bankruptcy No. 97-27993 |
| | ) Chapter 7 |
| Debtor, | ) |
| | ) |
| STEVEN L. DISTAD, | ) |
| | ) |
| Plaintiff, | ) Adv. No. 07-2047 |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES INTERNAL | ) |
| REVENUE SERVICE, | ) UNITED STATES' RENEWED |
| | ) MOTION TO DISMISS |
| Defendant. | ) |

The United States, by and through its undersigned counsel, hereby renews its motion to dismiss with regard to the plaintiff's claim for monetary damages for violation of the discharge injunction for tax years 1986, 1987, 1988 and 1989. As set forth in detail below, the plaintiff has

3953666.1

failed to exhaust his administrative remedies and therefore the Court lacks jurisdiction over the plaintiff's claim for monetary damages.

## STATEMENT OF THE CASE

The plaintiff commenced this suit by filing an adversary complaint seeking damages against the United States for alleged violations of the discharge injunction. The plaintiff maintained that his federal income tax liabilities for the years 1986, 1987, 1988, 1989 and 1992 were discharged in a prior bankruptcy case. In his complaint, the plaintiff alleges that the IRS improperly served Notices of Levy on his employer, filed Notices of Federal Tax Liens with the county recorder's office, and served him with notices all of which included the liabilities for the discharged years. In its answer, the United States admitted that the liabilities for the years 1986, 1987, 1988, and 1989 were discharged in his prior bankruptcy. However, the United States maintained that the liability for the 1992 tax year had not been discharged. An evidentiary hearing was held in this matter on February 29, 2008. On August 8, 2008, an Order was entered in which the Court found that the 1992 tax year had not been discharged in the debtor's prior bankruptcy case. The Court made no ruling on the debtor's claim for monetary damages.

The plaintiff failed to allege in his complaint that he had exhausted his administrative remedies with the IRS prior to filing this action. Moreover, the plaintiff failed to allege in his complaint a specific monetary amount that he is seeking in damages.[1]

---

[1] In the Memorandum Opinion entered August 8, 2008, the Court found that the United States had not waived sovereign immunity. *See* Memorandum Opinion p. 6. Moreover, "the defense of sovereign immunity cannot be waived in litigation." *United States v. Rivera Torres*, 432 F.3d 20, 23 n.3 (1st Cir. 2005), citing, *inter alia*, *United States v. United States Fid. and Guar. Co.*, 309 U.S. 506, 513 (1940); *see also Basso v. Utah Power And Light Company*, 495 F.2d 906, 909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction

On March 11, 2009, the United States filed a motion to dismiss this matter for failure to exhaust administrative remedies as required by 26 U.S.C. §7433(d)(1). The plaintiff opposed the United States' motion and in his opposition the plaintiff argued that 26 U.S.C. §7433 does not apply to this matter and in the alternative, even if it applied the exhaustion of administrative remedies is non-jurisdictional and waivable. A hearing was held on April 23, 2009 and the Court entered a Memorandum Opinion on May 8, 2009. In the Memorandum Opinion the Court held that 26 U.S.C. §7433 is jurisdictional and applies to this matter and that "[a] debtor must exhaust his administrative remedies as a condition precedent to seeking a recovery of damages against the IRS in bankruptcy court." *See* Memorandum Opinion, p. 3. The Court determined however that the United States' motion was premature because the debtor had not accepted the Court's invitation to seek a recovery of damages against the IRS by scheduling an evidentiary hearing to determine what monetary damages, if any, should be awarded.

The debtor has scheduled an evidentiary hearing in this matter for August 9, 2011. Therefore, the United States renews its motion to dismiss the plaintiff's claim for monetary damages for violation of the discharge injunction for tax years 1986, 1987, 1988 and 1989 for failure to exhaust his administrative remedies as required by 26 U.S.C. §7433(d)(1).

**ARGUMENT**

In the Memorandum Opinion (Doc. #40) the Court determined that the issue of exhaustion of administrative remedies is jurisdictional and that the Court had a "duty to determine, if, and when, a debtor has exhausted his administrative remedies prior to seeking a monetary recovery of damages against the IRS in a bankruptcy court." *See* Memorandum

---

is lacking .").

3953666.1

Opinion p. 2. As held by the Court "[a] debtor must exhaust his administrative remedies as a condition precedent to seeking a recovery of damages against the IRS in the bankruptcy court." *See* Memorandum Opinion, p. 3.

To exhaust administrative remedies the Treasury Regulations require a taxpayer to send a claim "in writing to the Chief, Local Insolvency Unit, for the judicial district in which the taxpayer filed the underlying bankruptcy case giving rise to the alleged violation." Treas. Reg. § 301-7433-2(e)(1). The regulations further specify the information the taxpayer must furnish in his claim, including a description of the alleged violation, any injuries incurred, and the dollar amount of the claim. Treas. Reg. § 301.7433-2(e)(2). The regulations specify that no action for damages under Section 7433 "shall be maintained in any bankruptcy court before the earlier of the following dates -- (i) The date the decision is rendered on a claim filed in accordance with paragraph (e) of this section; or (ii) The date that is six months after the date an administrative claim is filed in accordance with paragraph (e) of this section. *Id*.

The plaintiff has failed to allege that he has exhausted the administrative remedies made available to him by Treas. Reg. § 301.7433-2(e) before filing his complaint with the Court. Accordingly, because he did not file a proper administrative claim in accordance with the published regulations, the Court lacks jurisdiction to award monetary damages for violation of the discharge injunction for tax years 1986, 1987, 1988 and 1989. *See United States v. Smith*, 1999 WL 535749 (D. Utah 1999) (Doc #36-1) (section 7433 requires that taxpayers must exhaust their administrative remedies before bringing an action).

## CONCLUSION

Wherefore, based on the foregoing, the United States respectfully requests that the plaintiff's claim for monetary damages for violation of the discharge injunction for tax years 1986, 1987, 1988 and 1989 be dismissed for lack of jurisdiction.

Dated this 30th day of June, 2011.

                                              CARLIE CHRISTENSEN
                                              United States Attorney


                                              /s/ Virginia Cronan Lowe
                                              VIRGINIA CRONAN LOWE
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice

3953666.1